**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| S.B.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:22-cv-195-LAG-ALS |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

**REPORT AND RECOMMENDATION**

This Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney

Fees (Doc. 19), and the Commissioner's Response thereto. (Doc. 20). The Court entered an order

reversing the Commissioner's decision in this matter and remanding it to the administrative level

for further proceedings. (Doc. 14). Plaintiff then requested and was awarded attorney fees under

the Equal Access to Justice Act ("EAJA") in the amount of $ 6,687.22. (Docs. 16, 17). On remand,

Plaintiff was awarded at least $94,281.00 in past-due benefits from the Commissioner. (Doc. 19-1,

at 1). Plaintiff's counsel now requests attorney fees pursuant to 42 U.S.C. § 406(b) in the amount

of $23,570.25 less the $6,687.22 awarded in EAJA fees, for a net attorney fee in the amount of

$16,883.03 for 26.62 hours of work.[1] (Docs. 19, at 1, 19-1, at 4; *see also* Doc. 20, at 2).

In Social Security cases, a prevailing claimant may be awarded attorney fees as part of the

judgment, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is

entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Attorney fees pursuant to

---

[1] As noted by the Commissioner (Doc. 20, at 2 n.2), Plaintiff's petition contains an apparent typographical error — requesting "approval of a fee of $23,580.45, less the $6,687.22 previously paid . . . under the [EAJA], for a net total of $16,893.23[,]" Doc. 19-1, at 2, despite correctly identifying the § 406(b) maximum as $23,570.25 earlier in the same paragraph. The Court treats the $23,580.45 figure as a typo and will use the correct net amount of $16,883.03 throughout this Order.

§ 406(b) may be awarded "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court of the United States held that contingency fees agreements, such as the one in this case, are permissible so long as the fee does not exceed 25% of the claimant's back benefits, subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Issues to consider when assessing reasonableness include, for example, whether the attorney's work was substandard, whether the attorney was responsible for any delays (and would thereby profit from the accumulation of additional back benefits during the delay), or whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808 (citations omitted).

In this case, Plaintiff's counsel requests $23,570.25 less the $6,687.22 awarded in EAJA fees, for a net attorney fee in the amount of $16,883.03, which does not exceed 25% of Plaintiff's back benefits. (Doc. 19-1, at 2). Counsel requests compensation for approximately 26.62 hours of attorney services. (Doc. 19-1, at 4). The Commissioner neither supports nor opposes Plaintiff's request. (Doc. 20).[2] However, the Commissioner requests that the Court determine whether the amount requested is reasonable based on the full § 406(b) amount, and that if any payment of fees out of Plaintiff's past-due benefits be made in accordance with the Social Security Administration's policies. *Id.* at 2-3.

Because there is no indication that, by receiving a *de facto* hourly rate of $885.43, Plaintiff's counsel is receiving a windfall or that their performance was substandard, it is **RECOMMENDED**

---

[2] The Commissioner's response states that it "neither supports nor opposes counsel's request for attorney's fees in the amount of $1,689.23." (Doc. 20, at 2). This appears to be a typographical error — the Commissioner is not proposing a different award amount, but rather simply misstates the figure requested by Plaintiff's counsel. The correct amount, $16,883.03, is identified by the Commissioner in the very next footnote. *See* Doc. 20, at 2 n.2.

that Plaintiff's Motion for Attorney Fees (Doc. 19) be **GRANTED**. *See S.L. v. Comm'r of Soc. Sec.*, No. 1:22-CV-167 (LAG) (TQL), 2024 WL 5227398 (M.D. Ga. Dec. 26, 2024) (adopting Doc. 19 (R&R) and granting in part Social Security plaintiff's § 406(b) fee request and awarding a *de facto* hourly rate of $1,062.50); *see also De Gallardo v. Comm'r of Soc. Sec.*, No. 5:18-cv-472 (MTT), 2024 WL 3967489 (M.D. Ga. Aug. 28, 2024) (granting Social Security plaintiff's § 406(b) fee request and awarding a *de facto* hourly rate of $1,073.68). Rather than require counsel to refund the prior award of EAJA fees, the Court **recommends** that the $23,570.25 withheld for attorney fees under § 406(b) by the Commissioner out of Plaintiff's past due benefits be reduced by the amount of the $6,687.22 in EAJA fees previously awarded. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) ("the district court could have simply awarded [counsel] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee."). It is therefore **RECOMMENDED** that Plaintiff's counsel be authorized to recover $16,883.03 out of Plaintiff's past-due benefits, payment of which shall be made in accordance with Social Security agency policy.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of this Recommendation to which objection is made; all other portions of this Recommendation may be reviewed by the district judge for clear error. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. Ga. L.R. 7.4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions

if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 17th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE