**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| S.B.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:22-CV-195 (LAG) |
| | : | |
| COMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>ORDER</u>**

Before the Court is the Report and Recommendation (R&R) (Doc. 21) on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act 28 U.S.C. § 2412(d) (Motion). (Doc. 19). In the Motion, Plaintiff "requests that the Court find that the $16,893.23 net fee requested by Plaintiff's counsel is reasonable and order the Commissioner to pay that fee to Plaintiff's counsel out of Plaintiff's past-due benefits." (Doc. 19-1 at 7). The Motion was unopposed. (Doc. 20 at 2). In the R&R, the Magistrate Judge recommends that the Motion be granted, and "that Plaintiff's counsel . . . recover $16,883.03 out of Plaintiff's past-due benefits[.]" (Doc. 21 at 3); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the complaint . . . 'out of, and not in addition to, the amount of [the] past-due benefits'"); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) ("the district court could have simply awarded [counsel] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee"). The requested reward will result in a fee that is 25% of Plaintiff's past-due benefits award. (*Id.*). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) for the Parties to file written objections. Neither Party filed an objection to the R&R. (*See* Docket).

District courts have "the duty to conduct a careful and complete review" to determine "whether to accept, reject, or modify [a] magistrate judge's report and recommendations[.]" *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The court reviews de novo dispositive portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The court reviews unobjected-to portions of the report and recommendation and non-dispositive orders for clear error but may order a hearing or conduct a de novo review if necessary. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Wainwright*, 681 F.2d at 732.

Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Wainwright*, 681 F.2d at 732. Upon careful and complete review of the R&R and the record in this case, the Court finds no clear error in the R&R. Accordingly, the R&R (Doc. 21) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, the Motion is **GRANTED**. It is hereby **ORDERED** that attorney's fees in the amount of $16,893.23 is to be paid directly to Plaintiff's counsel.

**SO ORDERED**, this 2nd day of June, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**